IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISON

| | | |
|---|---|---|
| ROBERT DAVID GILLESPIE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-059 |
| | ) | |
| LT. S. YOUNG; DEPUTY SMITH; DEPUTY MILLER; DEP. JAMES MAPLE, JR.; DEPUTY MELISSA REYNOLDS; STAFF SGT. HUGH WILLIAMS; SHERIFF CLAY WHITTLE; and DEPUTY MOSLEY,[1] | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Columbia County Jail in Appling, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.     **SCREENING OF THE COMPLAINT**

    A.     **BACKGROUND**

Plaintiff names as Defendants: (1) Lieutenant S. Young, (2) Deputy Smith, (3) Deputy Miller, (4) Deputy Mosley, (5) Deputy James E. Maple, Jr., (6) Deputy Melissa Reynolds, (7) Staff

---

[1] The Court **DIRECTS** the **CLERK** to update the spelling of the title for Staff Sgt. Hugh Williams in accordance with the caption on this Order, which is consistent with Plaintiff's Complaint. (See doc. no. 1, p. 2.)

Sergeant Hugh Williams, and (8) Sheriff Clay Whittle.  (Doc. no. 1, pp. 2-3.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 20, 2021, a nurse at the Columbia County Jail provided Plaintiff with an unidentified medication to which he was "highly allergic."  (Id. at 6.)  The next day, Plaintiff was given a different medication to prevent a potential allergic reaction, however, this medication caused Plaintiff to experience hallucinations.  (Id. at 6-7.)  Plaintiff remained in a hallucinogenic state until around July 27 or 29, 2021, and was "not given" food or water for five days during this time.  (Id. at 8-9.)

According to video tapes provided to Plaintiff, on July 22, 2021, Defendant Mosley responded to an active sprinkler in Plaintiff's cell.  (Id. at 6.)  Shortly thereafter, Defendants Smith, Miller, Reynolds, Maple, Williams, and Young arrived as backup.  (Id.)  Plaintiff "had no idea what was happening," but complied with Defendants' instructions and dropped to his knees.  (Id. at 6-7.)  Defendants took possession of Plaintiff's cane, handcuffed him, and attacked him.  (Id. at 7-8.)  Plaintiff suffered two torn rotator cuffs, a neck fracture, three missing teeth, a concussion, and a circulation disorder in his left leg.  (Id. at 7, 9.)

Once Plaintiff was brought to his feet, an unidentified officer in plain clothes resumed the attack by forcing him back to the ground, causing him to lose consciousness.  (Id. at 7.)  No officers intervened nor did they file reports about the incident.  (Id. at 8-9.)  Defendant Williams specifically barred any intervention by other officers and the video shows him attempting to block the camera's view.  (Id. at 8.)  After Plaintiff was brought to confinement, a nurse did not come see him.  (Id.)  However, once Plaintiff exited his hallucinogenic state, he was seen by medical on July 27th or 29th, but the nurse did not log his blood pressure.  (Id. at 9.)  He also could not find any other medical records regarding the prescribed medications.  (Id.)  Notably, it was not until

August 22, 2023, "during his trial," that Plaintiff saw a video recording of the July 22nd attack. (Id.)  For relief, Plaintiff seeks various forms of equitable relief and damages.  (Id. at 4, 13.)

On February 15, 2023, Plaintiff filed an amended complaint in Gillespie v. James, et al., CV 122-128, doc. no. 21 (S.D. Ga. Apr. 5, 2024) ("CV 122-128"), asserting claims against Defendants: (1) Joseph Greene, (2) Sheriff Clay Whittle, (3) Crystie James, (4) Miss Saint, (5) Lynn Witt, (6) Correct Health, (7) Doctor Smith, (8) Lieutenant S. Young, (9) S. Sarg, (10) Deputy Mosley, (11) Deputy Smith, (12) Deputy Miller, (13) Tony E. Howard, and (14) Mack Taylor. Plaintiff's amended complaint contained various allegations concerning him receiving a hallucinogenic "poison" medication (Ibuprofen), receiving Benadryl to counteract the Ibuprofen, a July 22, 2021 attack by defendants, defendants' failure to intervene in the attack, the injuries that Plaintiff suffered as a result, and Plaintiff's lack of medical records.  Id., doc. no. 21, pp. 10-13.

On March 27, 2023, the Court screened Plaintiff's amended complaint and ordered service of process for the excessive use of force claim against Defendant Miller and Smith, in addition to Defendants Young and Mosley, who were already served and filed answers to Plaintiff's original complaint.  Id., doc. nos. 24-26.  The Court recommended the remaining Defendants and claims be dismissed for failure to state a claim.  See id.  On May 15, 2023, United States District Judge J. Randal Hall adopted the Magistrate Judge's Report and Recommendation ("R&R").  Id., doc. no. 34.

On September 29, 2023, Defendants jointly filed a motion for summary judgment.  Id., doc. nos. 50-54.  On February 7, 2024, the Court recommended Defendants' motion be granted because the record evidence established the force used by Defendants was not objectively unreasonable under the circumstances.  Id., doc. no. 63.  Moreover, because Plaintiff's excessive force claim against Defendants failed as a matter of law, the Court recommended that his failure to intervene claim must also fail.  Id.  On April 5, 2024, Judge Hall adopted the R&R, and a final

3

judgment was entered in favor of Defendants. Id., doc. nos. 71-73. Merely thirty-two days later, Plaintiff filed this instant suit containing the same claims as CV 122-128. (See generally doc. no. 1.)

  B.  DISCUSSION

    1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555,

4

557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Suit is Barred by Claim Preclusion

"The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit." Shurick v. Boeing Co., 623 F.3d 1114, 1116 (11th Cir. 2010). For the doctrine to apply, four elements must be met: "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." Id. at 1116-17. Additionally, the party must have had "a full and fair opportunity to litigate the claims and issues settled in a previous suit." Morris v. May, 570 F. App'x 903, 905 (11th Cir. 2014). To determine whether the causes of action are the same, courts look to the factual issues in the second lawsuit and compare them to the first lawsuit, and if the case arises out of the same nucleus of operative fact, then the "two cases are really the same." Id. at 906.

The facts in the present case are precisely the same as Plaintiff alleged in CV 122-128. See CV 122-128, doc. no. 21, pp. 2, 4-6, 10-12. Aside from the addition of Defendants Maple, Reynolds, and Williams, the Defendants alleged in the instant case mirror the named defendants in his other case. See id.; (doc. no. 1.) Moreover, the claims arise from the same common nucleus of operative fact. See, e.g., Simmons v. Coffee Co., No. 5:14-cv-19, 2014 WL 6455137, at *4 (S.D. Ga. Nov. 13, 2014) ("Plaintiff asserts the same causes of action against these

5

Defendants[] because the two cases arise out of the same nucleus of operative fact—Plaintiff's imprisonment following his arrest and the property dispute."). Specifically, in both cases, Plaintiff claims that he was prescribed an alleged hallucinogenic medication, was in a hallucinogenic state for several days during which a sprinkler was activated in his cell on July 22nd, officers responded and attacked him, officers did not intervene, and as a result, he suffered various injuries. CV 122-128, doc. no. 21; (doc. no. 1.)

In CV 122-128, the Court first screened Plaintiff's amended complaint, ordered service on Defendants Miller, Smith, Young, and Mosley, and dismissed the remaining defendants and claims for failure to state a claim. CV 122-128, doc. nos. 24-26, 34. Later, the Court granted the remaining Defendants' motion for summary judgment on Plaintiff's excessive use of force and failure to intervene claims. Id., doc. no. 71. Thus, Plaintiff's claims were all "adjudication[s] on the merits for *res judicata* purposes." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (*per curiam*). In sum, Plaintiff was given a full and fair opportunity to litigate his claims and cannot now attempt to re-litigate the claims. Morris, 570 F. App'x at 905.

### 3. Plaintiff's Claims Are Time-Barred

Even if Plaintiff's case was not barred by claim preclusion, Plaintiff's claims are nevertheless time-barred. Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although

state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff dated his complaint April 26, 2024, and the Court received it for filing on May 7, 2024.  (See doc. no. 1.)  However, Plaintiff's alleged claims took place between July 20 and July 29, 2021, with the attack taking place on July 22nd, and Plaintiff coming out of his "hallucinogenic state" sometime between July 27th and 29th.  (Id. at 6-9.)  Therefore, the facts which would support a cause of action were apparent to Plaintiff by at least July 29, 2021, thus, they are outside of the two-year statute of limitations period and subject to dismissal.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA